Sue Ellen Tatter
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>TRAVIS KERNAK,<br><br>　　　　　Defendant. | NO. 3:06-cr-0045-JDR<br><br>**SENTENCING MEMORANDUM OF THE DEFENSE** |

The defendant, Travis Kernak, through counsel, presents this memorandum to the court for sentencing set for November 2, 2006, at 9:30 a.m.

**I.     INTRODUCTION**

Travis Kernak is a 21 year old presently living in Kokhanok, Alaska, near Katmai National Park.  In July of 2004, two juveniles told him that Steven Nowatak had shot bears near Funnel Creek recently.  The juveniles invited Travis Kernak to return to the area with them.  He accepted.  They provided the four-wheeler and the directions.

Once near Funnel Creek, the group located the bears shot by Mr. Nowatak. Travis Kernak shot two bears with a shotgun and did not salvage the meat or hide. A juvenile shot another bear.

Mr. Kernak appeared telephonically from Kokhanok for arraignment on this charge. He is prepared to plead guilty to the single count information and be sentenced on November 2, 2006. There is no plea agreement. This charge is a Class B misdemeanor.

## II.    THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Travis Kernak was born in Bethel, Alaska in 1985. He does not know his biological father. His mother appears to have a substance abuse problem, and recently resided at the Cordova Center following an assault on her boyfriend. Mr. Kernak had some substance abuse problems as a juvenile but has not been drinking for about one year. He has no criminal adult record.

Mr. Kernak has worked in seasonal construction jobs. He recently came to Anchorage to look for work, but was not successful despite constant attempts and many applications. Because he was uncomfortable living with a drinking relative and unable to find work, Mr. Kernak returned to Kokhanok.

Mr. Kernak graduated from high school in 2005, at the age of 19. He had been in special education classes all of his life. He reports that he has a "short attention span," and he appears to have some deficits in memory, verbal facility and complex reasoning. However, he is very conscientious and earnest, and has tried his best to

cooperate with the court, counsel and pretrial services. He consistently has tried to avoid social situations where there is alcohol and drug consumption.

At the present time he has no assets nor any bank accounts. He was unable to pay for his cell phone or rent an apartment, and has returned to live with his mother.

### III.  THE NATURE AND CIRCUMSTANCES OF THE OFFENSE

Mr. Kernak killed two brown bears illegally. He made no effort to salvage the meat. These animals were natural resources valuable to the State of Alaska and the National Park. There was no reason or excuse for the killing. Mr. Kernak frankly has admitted this conduct.

However, the court should note that Mr. Kernak did not hatch the idea of the shooting alone. He went along with the instigating juveniles who had participated in a previous shooting. He was given a ride on a four wheeler, not owning one himself. Now he finds himself in trouble with the federal government, as an adult, while the juveniles remain uncharged.

As noted in the presentence report (PSR), the offense was part of a spontaneous social setting and does not appear likely to recur. There was no premeditation or planning.

### IV.  SENTENCING ISSUES

This case involves a Class B misdemeanor to which the guidelines do not apply. The general sentencing statute, 18 U.S.C. § 3553(a), must guide the court. In

addition to the nature and circumstances of the offense, and the history and characteristics of the defendant, discussed above, the court must also consider the "need" for the sentence imposed. The court should impose a sentence "sufficient, but not greater than necessary," to advance the statutory considerations. These considerations include deterrence, protection of the public, reflection of the seriousness of the offense, rehabilitation, restitution, avoidance of unwarranted disparity among defendants, and the types of sentences available.

These considerations suggest that the just sentence for Mr. Kernak is probation with a component of community service. Although no federal offense is minimal, the seriousness of this offense does not call for incarceration. Very few people, even with criminal records, are incarcerated for Class B misdemeanors. This case appears similar to a group of youths driving recklessly, resulting in property damage where the property is somewhat unique. The defendant should provide reasonable restitution in an amount proven by the government. However, the more jail time, the less likely that the defendant can pay restitution. Community service is a sentence which imposes a time commitment on the defendant but also assists the community from which he removed the two bears.

**V.   CONCLUSION**

The defense respectfully requests this court to sentence Mr. Kernak to one year of probation with a component of community service. Mr. Kernak should be ordered to pay reasonable restitution, but not a fine.

DATED this 26th day of October 2006.

Respectfully submitted,

s/Sue Ellen Tatter
Assistant Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:      907-646-3400
Fax:        907-646-3480
E-Mail:     sue_ellen_tatter@fd.org

Certification:
I certify that on October 26, 2006,
a copy of the *Sentencing Memorandum of the Defense* was served electronically on:

Bryan Schroder
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

and a copy was hand delivered to:

U.S. Probation & Pretrial Services
222 W. 7th Avenue, #48
Anchorage, AK 99513-7562

s/Sue Ellen Tatter