NELSON P. COHEN
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel.:  (907)271-5071
Fax:  (907)271-1500
Email: bryan.schroder@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-CR-00045-JDR |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S** |
| | ) | **SENTENCING** |
| vs. | ) | **MEMORANDUM** |
| | ) | |
| TRAVIS KERNAK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW, the United States of America, by and through undersigned counsel, and submits its sentencing memorandum concerning defendant Travis Kernak, as follows:

I.   **Summary**

On August 14, 2006, Mr. Kernak filed a Notice of Intent to Change Plea in the instant case. On August 21, 2006, he agreed to schedule a combined change of plea/entry of plea/imposition of sentence hearing on November 2, 2006. He also agreed to submit to the probation/pre-trial services officer prior to November 2, 2006 for purposes of preparing a Pre-Sentence Report (PSR). The maximum punishment for the offense is imprisonment for 6 months, a $5000 fine, 5 years of probation, and a $10 mandatory special assessment. Although the maximum fine under 16 U.S.C. § 3 is listed as $500, under the 18 U.S.C. § 3571(e), the actual maximum amount of the fine is $5000.

II.  **Government's Recommendation**

The government recommends that the court sentence Mr. Kernak to 30 days imprisonment.

On or about July 29, 2004, the Defendant and two juveniles, drove a 4 wheel all-terrain vehicle (ATV) from the village of Kokanhok into the Katmai National Preserve. When they reached the North side of Funnel Creek, one of the juveniles pointed out where two other bears had been shot a few days before. The group drove through Funnel Creek onto the South side. One of the juveniles reported killing a bear with a .30-.30 rifle, and the Defendant admitted shooting

two bears with a shotgun. During a later search of the Defendant's residence, law enforcement officers seized a Remington 870 pump shotgun, with a rope sling. He left the bears where they fell, and did not harvest the skull, hide, or meat of the animal.

The factors identified for the court to consider during sentencing under 18 U.S.C. § 3553 include the nature and circumstances of the offense, the history and characteristics of the defendant, plus the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide adequate deterrence to criminal conduct, and provide just punishment for the offense. A sentence of 30 days imprisonment, is consistent with all of these factors, as they are applied in this case.

The nature of the offense was a blatant slaughter of two brown bears, with no attempt to harvest any useful part of the bear. Moreover, the killing of the bears occurred in Katmai National Preserve, which along with the adjacent Katmai National Park, is internationally known for its brown bear population. Thus, the Defendant senselessly killed two animals which are not only icons in Alaska, but are specific symbols of this park and preserve. The Government intends to call a senior enforcement ranger from Katmai National Park and preserve to briefly testify about the importance of these animals to the park and preserve, and what

these killings meant to their work.

While the brown bears at Funnel Creek may not be as visible as the bears in Brooks Camp in Katmai National Park, Funnel Creek is a popular flight seeing destination, and the bears in this case were found by a flight seeing operation. The Government intends to call the flight seeing operator who found the bears to briefly testify about what this offense meant to him and his business.

The history of the Defendant should also be considered by the court. As described in the PSR, he has two previous convictions, including a conviction for theft in 2006.

As discussed above, the nature of the acts, killing bears simply for their destruction, is a serious offense that calls for a serious punishment. Moreover, this offense has had significant visibility throughout the state, and has been especially significant in Kokanok and Katmai National Park & Preserve. A strong sentence will promote respect for the law throughout the state by showing that the senseless destruction of wildlife, especially these iconic animals, will not be tolerated. A strong sentence, specifically a sentence of confinement, will also provide a powerful deterrent to others contemplating similar senseless acts. A sentence of 30 days confinement is also consistent with the sentence recommended in the related case of U.S. v. Nowatak.

The Government asks the courts to sentence the Defendant to 30 days confinement. A sentence of imprisonment sends a strong signal and provides a just punishment for the crime.

RESPECTFULLY SUBMITTED this 26th day of October, 2006, in Anchorage, Alaska.

        NELSON P. COHEN
        United States Attorney

        s/Bryan Schroder
        BRYAN SCHRODER
        Assistant U.S. Attorney
        Federal Building & U.S. Courthouse
        222 W. 7th Avenue, #9, Room 253
        Anchorage, Alaska 99513-7567
        Tel.: (907)271-5071
        Fax: (907)-271-1500
        Email: bryan.schroder@usdoj.gov
        Bar #: WA 21146

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2006,
a copy of the foregoing **GOVERNMENT'S SENTENCING MEMO**, was served,
via Electronic Filing, on:

**Sue Ellen Tatter,**

s/Bryan Schroder